OPINION
John Hoos appeals from a judgment quieting title to a parcel of real estate in the Alpha Church of the Nazarene ("the Nazarene Church").
The Nazarene Church owns and occupies a parcel of land in the City of Beavercreek fronting on Alpha Road. Hoos owns and occupies the parcel to the rear. A 16.5 foot wide strip of land containing a gravel driveway runs along a side line of the church's parcel and connects Hoos' parcel to Alpha Road, providing his means of ingress and egress. The driveway also provides members of the Nazarene Church with access to an entrance into their church hall located behind the church structure. Ownership of the 16.5 foot strip containing the gravel road is the focus of this dispute between Hoos and the Nazarene Church.
Hoos acquired his parcel from his parents, Robert and Frances Hoos, in 1978. His parents had acquired the parcel in 1941. The Nazarene Church obtained its parcel from the Methodist Church in 1962. The Methodist Church owned the entire parcel including the strip. However, the deed from the Methodist Church to the Nazarene Church specifically excluded the disputed strip of land, reserving it for township use.
In 1988, Hoos erected wooden posts in the grassy area next to the gravel road to prevent trucks visiting his property from running off the gravel road and onto the grassy area. These posts obstructed access to the entrance to the church hall located behind the church.
The Nazarene Church commenced this action in 1996, alleging that Hoos had trespassed on its property by erecting the posts and seeking damages for each day the posts were so erected. Hoos counterclaimed, arguing that he had obtained title to the disputed parcel by adverse possession.
Both Hoos and the Nazarene Church moved for summary judgment. The magistrate denied Hoos's motion, concluding that he could not prove his claim for adverse possession. She also denied the Nazarene Church's motion, finding that it could not prove that it was the title holder of record of the disputed parcel. Hoos filed objections. The trial court overruled the objections, finding that Hoos had not joined all parties proper to his adverse possession counterclaim.
On remand, Hoos amended his pleadings to include the Methodist Church, the prior owner, and the City of Beavercreek. On October 25, 1997, the Methodist Church quit claimed its interest in the disputed parcel to the Nazarene Church. The City of Beavercreek disclaimed any interest in the disputed parcel.
On November 2, 1998, a magistrate held a hearing at which witnesses testified for both Hoos and the Nazarene Church regarding each parties' use of the disputed parcel.
The magistrate found that the Nazarene Church was title holder of record of the disputed parcel. The magistrate found that Hoos could not prevail on his adverse possession counterclaim because, though he had proved the other elements of adverse possession, he failed to prove the element of exclusivity because the Nazarene Church's use of the disputed parcel "was as consistent as that of an owner as [Hoos's] was." However, the magistrate found that Hoos had established the elements necessary for him to acquire a prescriptive easement over the parcel.
Hoos filed objections to the magistrate's decision. The trial court overruled his objections and adopted the decision.
Hoos timely appealed, presenting two assignments of error. We will address the assignments of error together because of their substantial similarity.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT ADOPTED THE MAGISTRATE'S DECEMBER 2, 1998 DECISION FINDING THAT DEFENDANT JOHN HOOS FAILED TO ESTABLISH HIS COUNTERCLAIM FOR ADVERSE POSSESSION AND AWARDED PLAINTIFF THE ALPHA CHURCH OF THE NAZARENE TITLE IN FEE SIMPLE.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT'S DECISION FINDING THAT DEFENDANT JOHN HOOS FAILED TO ESTABLISH HIS COUNTERCLAIM FOR ADVERSE POSSESSION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND THE RECORD CONTAINS NO COMPETENT, CREDIBLE EVIDENCE TO SUPPORT THE TRIAL COURT'S DECISION.
"To acquire by adverse possession, a party must prove, by clear and convincing evidence, exclusive possession and open, notorious, continuous, and adverse use for a period of twenty-one years." Grace v. Koch (1998), 81 Ohio St.3d 577, syllabus. Clear and convincing evidence is evidence that "will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
"Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279, syllabus. Thus, we may not overturn the decision of the trier of fact if the record contains competent, credible evidence from which the trial court could have formed a firm belief or conviction that Hoos did not prove the elements of a claim for adverse possession.
Hoos argues that because the Methodist Church did not enter the disputed strip after it had transferred the adjoining parcel to the Nazarene Church, he acquired the disputed strip by adverse possession. He further argues that because his use of the strip was exclusive as to the Methodist Church, he proved the element of exclusivity.
It is undisputed that the Nazarene Church acquired its interest in the disputed strip in 1997 when the Methodist church quit-claimed its interests in the strip. However, the Methodist church had no interest to convey if its rights of title had previously been extinguished by Hoos' adverse possession of the strip for twenty-one years.
"A person cannot acquire title to a strip of land by adverse possession where, during the time that individual used the strip, persons living on adjoining premises also used it for ingress and egress, such fact in itself depriving the person of exclusive possession." 2 Ohio Jurisprudence 3d (1998), Adverse Possession, Section 52. Thus, exclusivity does not turn merely on whether the person claiming title by adverse possession excluded the title holder of the property. A court also must look at whether the claimant excluded adjoining property owners.
Possession, however, does not have to be absolutely exclusive. "[I]t need only be the type of possession which would characterize an owner's use. . . . [T]he adverse possessor must exclude third parties to the extent that the true owner would do the same." Jennewine v. Heinig (Dec. 29, 1995), Greene App. No. 95 CA 12, unreported.
Witness testimony demonstrated that Hoos and his parents had used the gravel road to access their parcel on a daily basis. (Tr. 16, 57, 98). They maintained the gravel road, grading it, patching it, and adding gravel when necessary. (Tr. 15). The Hooses also removed leaves and snow. Robert Hoos had erected a sign on the gravel road, saying "Private Drive." (Tr. 20). Throughout the time that the Hooses owned their parcel, they regarded the disputed parcel as their own. (Tr. 19, 61).
Members of the Nazarene Church testified that they used the gravel road for access to the church's basement, which they used for social functions. (Tr. 200, 255). These social functions occurred every couple of months, totaling approximately six to twelve per year. (Tr. 196, 206). Church members drove down the gravel road and then cut over to the basement door to unload passengers, food, tables, and chairs. (Tr. 214, 223).
Mr. Slagle, pastor of the Nazarene Church from 1972-1976, testified that during the later part of his ministry church members would also park on that side of the church when the main parking lot was full. (Tr. 211). Mr. Fadeley, a church member since 1979, testified that the Nazarene Church performed no maintenance of the gravel drive. (Tr. 227).
On the record before us, we find that the judgment of the trial court finding in favor of the Nazarene church on Hoos' counterclaim alleging adverse possession is against the manifest weight of the evidence. Hoos proved the element of exclusivity according to the standard required in Jennewine v. Heinig, supra, by clear and convincing evidence. There is no competent, credible evidence to support the contrary finding that the court made.
Because title to property acquired by adverse possession ripens into an absolute interest in the claimant after twenty-one years, Hoos had divested the Methodist Church of its interest in the disputed parcel before it conveyed its interests to the Nazarene Church in 1997. See Ohio Dept. of Adm. Serv. v. Morrow
(1990), 67 Ohio App.3d 225, 234. Thus, no right of title was conveyed to the Nazarene Church by quit claim deed from the Methodist Church in 1997.
To acquire an easement by prescription, a claimant must demonstrate open, notorious, continuous and adverse use for a period of twenty-one years. 2 Ohio Jurisprudence (1998), Adverse Possession, Section 10. Acquiring an easement by prescription differs from acquiring title by adverse possession in that exclusivity is not an element that an easement by prescription requires. Id. "[O]ne party [can] acquire an easement by prescription over a strip of land while, at the same time, another party was acquiring title to the same land by adverse possession."Jennewine v. Heinig (Dec. 29, 1995), Greene App. No. 95 CA 12, unreported (citing Lagonda Natl. Bank of Springfield v. Robnett
(1957), ___ Ohio App. ___, 147 N.E.2d 637.)
Based on the record before us, we conclude that, although the Nazarene Church did not acquire title through the quit claim deed executed by the Methodist Church, it did acquire an easement by prescription over the disputed strip by its use of the driveway. While Hoos possessed the disputed strip adversely to the Methodist Church, the Nazarene Church also used the strip in a way adverse to the interests of both Hoos and the Methodist Church. The two uses coincide for the required period of time.
Hoos's first and second assignments of error are sustained.
Having sustained both of Hoos's assignments of error, the judgment of the trial court will be reversed. The case is returned to the trial court on the mandate to quiet title in Hoos and to grant the Nazarene Church an easement by prescription over the disputed parcel.
FAIN, J. and YOUNG, J., concur.
Copies mailed to:
Marshall E. Peterson, Esq.
Michael P. McNamee, Esq.
Hon. Thomas M. Rose